BELLA HAAS *v.* UNITED STATES [1]

United States Customs Court, Third Division

(Decided September 30, 1938)

Brooks & Brooks (*Ernest F. A. Place* of counsel) for the plaintiff.
Charles D. Lawrence, Acting Assistant Attorney General (*Joseph F. Donohue*, special attorney), for the defendant.

Before CLINE, EVANS, and KEEFE, Judges

KEEFE, Judge: The plaintiff in this case immigrated to the United States, bringing with her certain household effects. The collector

[1] C. D. 37.

assessed duty upon numerous articles, showing no evidence of use, at the appropriate rates under the Tariff Act of 1930. The plaintiff claims that the effects are entitled to free entry under paragraph 1632 or paragraph 1798 of said act.

The articles upon which duty was assessed consist of metal kitchenware, embroidered articles, plain table cloths, feather pillows, blown glassware, lace articles, cotton and flax table damask, flax sheets and napkins, plain cotton and embroidered handkerchiefs, cotton dust cloths, wool blankets, silver-handled knives and forks, monogrammed silver articles, embroidered handkerchiefs and hemmed colored cotton handkerchiefs, and bottles containing alcohol liquors.

At the trial it was established that the plaintiff, prior to immigrating to the United States, lived with her mother in Germany; that the articles in question had been in plaintiff's possession for more than a year prior to her sailing; that none of the articles brought with her was merely stored away in the home of her mother, but all were included in the ordinary household equipment and were used by her in her mother's home whenever the occasion arose; that all of the embroidered articles, the lace articles, the feather pillows and the wool blankets had been subjected to continuous use; that the balance of the articles including the metal kitchenware, plain table cloths, cotton table damask, flax table damask, flax sheets, and napkins had been used on many occasions, others less frequently, and others, where there was a large quantity thereof, only in part, the occasion not arising to subject all of them to the wear and tear of the household; that the blown glass had been used in part when necessary and part of the silver set of 116 pieces had also been used upon occasions and that the same is true of the monogrammed silver articles; that the cotton dust cloths were not subjected to use although a part of the household equipment, and the item of ten bottles of liquors was specially purchased for distribution among her friends in America.

The sole question for us to decide is what Congress meant in paragraph 1632 when allowing the free entry of household effects of persons from foreign countries by restricting such grant to articles *"actually used abroad by them not less than one year."*

Household effects are necessarily subjected to a varying degree of actual use in a household. Articles of decorative value only, when merely placed in a room, may be considered as used. Chairs may be placed in a household as part of the ordinary furnishings and even if never sat upon they would be considered as used. They were there, available to the wear and tear of the home. One may purchase a dozen or more sheets or table cloths and incorporate them as a part of his household equipment. If some of such articles perchance were not subjected to any wear and tear, thereby eliminating the necessity of

laundering, it could not logically be stated that they were not actually used, because they were constantly subjected to depreciation though not to such a degree as other articles receiving a greater portion of wear and tear. In our opinion, articles in a household, comprising a part of the ordinary equipment thereof, and constantly available for the wear and tear of such household are included within the terms *"actually used."*

It is clear that none of the articles at issue was stored away in the home of the plaintiff's mother. They were articles for everyday household use. Some of them were subject to wear on many occasions, others less frequently, and others only in part. All were incorporated as a part of the ordinary household equipment and may be considered as actually used within the terms of the statute.

The colored cotton and embroidered cotton handkerchiefs imported as part of the household effects are in fact personal effects of the plaintiff and as such are entitled to free entry under the provisions of paragraph 1798, and we so hold.

The ten bottles of liquor, having been specially purchased for distribution to friends, are excluded from the terms of paragraph 1632, and properly dutiable as assessed by the collector.

Judgment will be entered in favor of the plaintiff to the extent specified and the collector is directed to reliquidate the entry and to make refund accordingly.